**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dante VARGAS–AMAYA,**
**Defendant–Appellant.**

No. 03–50577.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2004.

Filed Nov. 22, 2004.

Angela M. Krueger, Federal Defenders of San Diego, Inc., San Diego, CA, for the defendant-appellant.

Carol C. Lam, United States Attorney, Renée M. Bunker, Assistant United States Attorney, United States Attorney's Office, San Diego, CA, for the plaintiff-appellee.

Before: T.G. NELSON, TASHIMA, and FISHER, Circuit Judges.

TASHIMA, Circuit Judge.

Dante Vargas–Amaya ("Vargas") appeals the district court's revocation of his term of supervised release and imposition of an additional sentence. He contends that the court lacked jurisdiction under 18 U.S.C. § 3583(i) to revoke his supervised release. We have jurisdiction over Vargas' appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We hold that the district court lacked jurisdiction to consider the alleged violations of supervised release because the warrant issued during the term of Vargas' supervised release was not based on facts supported by oath or affirmation, as required by the Fourth Amendment.

## BACKGROUND

After pleading guilty to one count of importing marijuana in violation of 21 U.S.C. §§ 952, 960, Vargas was sentenced to 18 months' custody and two years' supervised release. Vargas served his custody term and his supervised release was scheduled to expire on August 2, 2003.

On June 12, 2003, Vargas' probation officer petitioned the district court for a no-bail bench warrant and an order to show cause why supervised release should not be revoked. The factual allegations in the Petition for Warrant or Summons for Offender Under Supervision were not sworn to under oath. Nevertheless, based upon the unsworn allegations, the district court issued a no-bail bench warrant on June 18, 2003.

On October 3, 2003, two months after the expiration of his term of supervised release, Vargas was arrested by the San Diego Police Department. When he was brought before the court to be heard on the petition, he moved to dismiss the order to show cause, arguing that the district court lacked jurisdiction to revoke his term of supervised release because a valid warrant was not issued within the supervision period as required by 18 U.S.C. § 3583(i). The district court denied the motion, holding that § 3583(i) permits the issuance of a warrant based upon unsworn allegations.

Vargas then admitted two of the allegations in the petition, and the district court found him to be in violation of his supervised release. The district court revoked his supervised release and imposed a sentence of eight months custody, to be followed by one year of supervised release.

## STANDARD OF REVIEW

"Jurisdiction is a question of law subject to *de novo* review." *United States v. Neville*, 985 F.2d 992, 994(9th Cir.1993). Whether 18 U.S.C. § 3583(i) authorizes the issuance of a warrant which is not based on facts supported by oath or affirmation is also a question of law reviewed *de novo*. See *United States v. Tinoso*, 327 F.3d 864, 865 (9th Cir.2003) (stating district court's interpretation of § 3583(d) "is a question of law subject to de novo review").

## DISCUSSION

The Violent Crime Control and Law Enforcement Act of 1994, Pub.L. 103–322, amended the statutory provision governing supervised release. The Act provides, in pertinent part, that when a term of supervised release has expired the district court only retains jurisdiction to revoke supervised release if a valid "warrant or summons" was issued within the supervision period:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration *if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.*

18 U.S.C. § 3583(i) (emphasis added); *see United States v. Hondras*, 296 F.3d 601, 602 (7th Cir.2002) (stating that valid warrant or summons required for the district court to retain jurisdiction); *United States v. Morales–Alejo*, 193 F.3d 1102, 1104 (9th Cir.1999) (stating that prior to the expiration of supervised release, a warrant or summons must be issued for the district court to retain jurisdiction); *United States v. Hazel*, 106 F.Supp.2d 14, 14–15 (D.D.C. 2000) (holding that court lacked jurisdiction because no warrant or summons was issued during term of supervision).

The emphasized portion of § 3583(i) quoted above requires that: (1) a warrant or summons, (2) issue before the expiration of a term of supervised release, (3) on the basis of an allegation of a violation of supervised release. The last two requirements were indisputably met in this case. At issue, therefore, is whether the warrant, which was based on *unsworn* facts, was a "warrant" within the meaning of that term in § 3583(i).[1]

Although we have interpreted other parts of § 3583(i), no case of which we are aware has addressed whether the "warrant" provided for in § 3583(i) must be supported by sworn facts. *See, e.g., United States v. Garrett*, 253 F.3d 443 (9th Cir.2001) (interpreting whether a delay was "reasonably necessary"); *Hondras*, 296 F.3d at 602 (stating that there is no dispute that the violation warrant complied with the Warrant Clause). "In construing a statute as a matter of first impression, we first must look to the statutory language:'The starting point in interpreting a statute is its language, for if the intent of Congress is clear, that is the end of the matter.' " *Morales–Alejo*, 193 F.3d at 1105 (quoting *Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 409, 113 S.Ct. 2151, 124 L.Ed.2d 368 (1993)).

---

1. It is undisputed that the Petition for Warrant or Summons for Offender Under Supervision was unsworn and that there was no other sworn evidence in support of the no-bail bench warrant issued by the district court.

Vargas contends that the plain meaning of the term "warrant" means a document that is based upon probable cause and supported by sworn facts. *See United States v. Mohrbacher*, 182 F.3d 1041, 1048 (9th Cir.1999) (holding that in the absence of a statutory definition, a term should be accorded its ordinary meaning). We agree.

It is a well-established canon of statutory construction that when Congress uses a term of art, such as "warrant," unless Congress affirmatively indicates otherwise, we presume Congress intended to incorporate the common definition of that term:

> [W]here Congress borrows *terms* of art in which are accumulated the legal tradition and meaning of centuries of practice, it presumably knows and adopts the cluster of ideas that were attached to each borrowed *word* in the body of learning from which it was taken and the meaning its use will convey to the judicial mind unless otherwise instructed. In such case, absence of contrary direction may be taken as satisfaction with widely accepted definitions, not as a departure from them.

*Carter v. United States*, 530 U.S. 255, 264, 120 S.Ct. 2159, 147 L.Ed.2d 203 (2000) (quoting *Morissette v. United States*, 342 U.S. 246, 263, 72 S.Ct. 240, 96 L.Ed. 288 (1952)).

The Warrant Clause of the Fourth Amendment unambiguously provides that "no Warrants shall issue, but upon probable cause, *supported by Oath or affirmation,* and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV (emphasis added); *see also United States v. Pickard*, 207 F.2d 472, 475 (9th Cir. 1953) (noting that the Warrant Clause secures an individual's right "to be protected against the issuance of a warrant for his arrest, except 'upon probable cause supported by oath or affirmation' ") (citation omitted); *see also Ex Parte Burford*, 7 U.S. (3 Cranch) 448, 453, 2 L.Ed. 495 (1806) ("warrant of commitment was illegal, for want of stating *some good cause certain, supported by oath* ").

In *Groh v. Ramirez*, 540 U.S. 551, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004), the Supreme Court recently affirmed that every warrant must meet the requirements of the Warrant Clause, and be based upon probable cause, supported by oath or affirmation. *Id.* at 1289–90; *see also Albrecht v. United States*, 273 U.S. 1, 4–6, 47 S.Ct. 250, 71 L.Ed. 505 (1927) (holding an arrest warrant invalid because it was issued based upon affidavits which had been sworn to before an official "not authorized to administer oaths in federal criminal proceedings"). Thus, where a warrant is issued unsupported by oath or affirmation, it is invalid under the Fourth Amendment. *See United States v. Rabe*, 848 F.2d 994, 997 (9th Cir.1988) (explaining that Warrant Clause "requires the government to establish by sworn evidence presented to a magistrate that probable cause exists to believe that an offense has been committed").

The government does not cite to any other statute where Congress expressly dispensed with the probable cause or oath requirements with regard to the issuance of warrants. The contrary seems to be true—where Congress has used the word "warrant," it has incorporated the Fourth Amendment's prohibition against the issuance of warrants based on something less than probable cause supported by sworn facts. *See, e.g.,* 18 U.S.C. § 3606 (stating that, if probable cause of a violation of the terms of release exists, a supervised releasee can be arrested with or without a

warrant).[2]

For example, the Federal Rules of Criminal Procedure discuss two situations where arrest warrants may issue. *See* Fed.R.Crim.P. 4, 9.[3] Rule 4(a) provides that an arrest warrant may issue only "[i]f the complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it." Fed. R. Crim.P. 4(a). Because both affidavits and complaints are signed under oath, Rule 4 embodies the Fourth Amendment's requirement that a warrant must be based upon probable cause, supported by oath or affirmation. *See* Fed R.Crim. P. 3(explaining complaint "must be made under oath"); Blacks' Law Dictionary 58 (7th ed.1999) (defining "affidavit" as a "sworn" declaration of facts).

Similarly, Rule 9(a) provides that an arrest warrant may issue "if one or more affidavits accompanying the information establish probable cause to believe that an offense has been committed and that the defendant committed it." Fed.R.Crim.P. 9(a). An information is not filed under oath; thus, the Advisory Committee Notes explain that "[t]he provision of rule 9(a) that a warrant may be issued on the basis of an information only if the latter is supported by oath is necessitated by the Fourth Amendment to the Constitution of the United States." Fed.R.Crim.P. 9 advisory committee's note to 1944 Adoption (citing *Albrecht,* 273 U.S. at 5, 47 S.Ct. 250).

The government argues that Congress specifically defined warrant as something less than that required by the Fourth Amendment—and, thus, that a warrant based on unsworn facts is acceptable—because of the phrase "on the basis of an allegation of" a violation of supervised release. 18 U.S.C. § 3853(i). The statute's plain language undercuts the government's reading. As we noted above, that the warrant must allege a violation of supervised release is a requirement for jurisdiction; in other words, the warrant cannot allege something less than a violation of supervised release. But this requirement, which was indisputably met in this case, has nothing to do with whether the warrant must be based on *sworn* allegations of a violation. Section 3583(i) refers to the issuance of a warrant in the past tense by using the words "has been issued." To effect its reading of the statute, the government asks us to rewrite § 3583(i) to

---

**2.** In 18 U.S.C. § 3606, Congress expressly required probable cause to believe that a person on supervised release has violated a condition of his release before an arrest would be authorized. *See* 18 U.S.C. § 3606 ("If there is probable cause to believe that a probationer or a person on supervised release has violated a condition of his probation or release, he may be arrested."). This statute applies to a person who is *currently* serving a term of supervised release when he is arrested. It is counter-intuitive to infer that Congress intended to prohibit an arrest without probable cause if an arrest is executed during the term of supervised release, but to permit an arrest without probable cause if the arrest is executed after the completion of the term of supervision. The only reasonable inference is that Congress was aware of the Fourth Amendment and incorporated its requirement that a warrant be based "upon probable cause" in both statutes. By extension, if Congress intended to incorporate the "probable cause" portion of the Warrant Clause in each statute, it must have also intended to incorporate the "Oath or affirmation" portion of the Clause.

**3.** While these rules pertain to warrants issued at the start of criminal proceedings, the rules implement the Fourth Amendment's requirements and are instructive of the requirements for issuing warrants generally. *See Giordenello v. United States,* 357 U.S. 480, 485, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958) (stating the rules of criminal procedure "must be read in light of the constitutional requirements they implement").

mean that "a warrant or summons [may be] issued on the basis of an allegation of such a violation." However, we are not at liberty to rewrite the words chosen by Congress.

Moreover, Congress' use of the past tense stands in contrast to the Fourth Amendment, and Rules 4, 9, and 41 of the Federal Rules of Criminal Procedure all of which discuss the requirements for issuing an arrest warrant in the present tense. *See* U.S. Const. amend. IV ("no Warrants shall issue"); Fed.R.Crim.P. 4(a) ("the judge must issue an arrest warrant"); Fed.R.Crim.P. 9(a) ("The court must issue a warrant"); Fed.R.Crim.P. 41(d) ("a magistrate judge or a judge . . . must issue the warrant if there is probable cause"). The use of the past tense in § 3583(i) implies that the statute does not relate to the requirements for issuing a warrant at all, but rather solely pertains to the court's jurisdiction if an arrest warrant has already been validly issued. Another statute describes in the present tense when an arrest warrant may be issued for a violation of supervised release and provides that "If there is probable cause to believe that a . . . person on supervised release has violated a condition of his . . . release, . . . the court . . . may issue a warrant for the arrest of a . . . releasee for violation of a condition of release." 18 U.S.C. § 3606. Thus, the plain language of § 3583(i) does not support the government's reading of the statute.

Second, even if the government poses a permissible reading of the statute, the Supreme Court has made clear that no statute can purport to authorize the issuance of any warrant based upon less than that required by the Fourth Amendment. *Nathanson v. United States*, 290 U.S. 41, 47,

54 S.Ct. 11, 78 L.Ed. 159 (1933) ("The amendment applies to warrants under any statute; revenue, tariff, and all others. No warrant inhibited by it can be made effective by an act of Congress or otherwise."). Although *Nathanson* specifically dealt with search warrants, it interpreted the Warrant Clause to apply to *all* warrants. *See id.; see also Giordenello*, 357 U.S. at 485–86, 78 S.Ct. 1245 (explaining that the Warrant Clause "applies to arrest as well as search warrants").

■ Under the constitutional-doubt canon of statutory construction "[i]f a statute is fairly susceptible of two constructions, one of which leads the court to doubt gravely the statute's constitutionality, then we must adopt the construction that avoids the serious constitutional problem." *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.2003); *Hurston v. Dir., OWCP*, 989 F.2d 1547, 1554 (9th Cir.1993) ("We are required by traditional canons of statutory construction to avoid a literal interpretation of a statute that leads to an absurd result or that is contrary to Congress' constitutional power.")

Therefore, in order to avoid any constitutional problems with § 3583(i), we construe it to mean that not all warrants or summonses will extend the district court's jurisdiction to revoke supervised release. Instead, the warrant issued must have been based upon sworn allegations that the person violated a condition of supervised release.[4]

The government argues that a parole violation warrant may issue without "probable cause" supported by "oath or affirmation" because parolees are subject to lesser or no Fourth Amendment protections. We disagree.

Although, while on supervised release, Vargas was subject to lesser Fourth Amendment protection, he was nonetheless protected by the Fourth Amendment.

---

4. Although § 3583(i) provides for the issuance of a summons as an alternative to a warrant, whether or not a summons must also be based upon sworn facts is not before us and we express no opinion on the question.

*See United States v. Knights*, 534 U.S. 112, 122, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001); *Latta v. Fitzharris*, 521 F.2d 246, 248 (9th Cir.1975) ("It is thus too late in the day to assert that searches of parolees by their parole officers present no Fourth Amendment issues."). The cases dealing with lesser Fourth Amendment protection are generally concerned with which searches and seizures are reasonable without a warrant. *See e.g., Knights*, 534 U.S. at 122, 122 S.Ct. 587 (holding "that the warrantless search of Knights, supported by reasonable suspicion and authorized by a condition of probation, was reasonable within the meaning of the Fourth Amendment"). The cases do not address whether a warrant for violation of the terms of release must comply with the Warrant Clause.

Here, by statute, a warrant was required to extend the court's jurisdiction.[5] Unlike the Fourth Amendment's malleable restriction on unreasonable searches and seizures, the Warrant Clause is exceptionally clear and provides that *"no Warrants shall issue*, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV (emphasis added). Thus while certain searches may be permissible when there is less than probable cause, under the Fourth Amendment, no warrant is valid unless there is probable cause supported by sworn facts.

The only case relied on by the district court to support its conclusion that a parole violation warrant need not comport with the requirements of the Fourth Amendment was *United States v. Schmidt*, 99 F.3d 315 (9th Cir.1996), *overruled on other grounds by United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir.1999). In *Schmidt*, the defendant argued that the district court lacked jurisdiction to revoke his probation because no warrant or summons had been issued during the term of his probation. *Id.* at 317; *see* 18 U.S.C. § 3565(c) (providing for delayed revocation of probation if warrant or summons issued prior to expiration of probation period). We relied on the docket sheet to determine that a summons was issued during the term of Schmidt's probation. *See Schmidt*, 99 F.3d at 318.

*Schmidt* is easily distinguishable. The case did not involve a challenge to the validity of the summons, but only a challenge to whether a summons had in fact been issued. Here, by contrast, there is no dispute that a warrant was issued. Moreover, the issuance of a summons does not precipitate a seizure and is not covered by the Warrant Clause. *Schmidt* is simply inapposite; the only issue before us is whether the warrant issued during the term of Vargas' supervised release was invalid for failure to comply with the Fourth Amendment.

## CONCLUSION

We hold that a district court's jurisdiction to revoke supervised release can be extended beyond the term of supervision under § 3583(i), based upon a warrant issued during the term of supervision, only if the warrant was issued "upon probable cause, supported by Oath or affirmation," as required by the Fourth Amendment. Because the warrant here was not based on sworn facts, the district court lacked jurisdiction to revoke Vargas' supervised release. Accordingly, the judgment of the district court revoking Vargas' term of supervised release and imposing an additional sentence is

**REVERSED.**

---

**5.** The only issue before us is whether the district court retained jurisdiction to revoke Vargas' supervised release, based upon the warrant issued during the term of supervision. Accordingly, we do not address whether Vargas' arrest was otherwise a valid warrantless arrest.