**Brent SHERMAN, Petitioner,**

v.

**Edward F. REILLY, Jr., Chairman, U.S. Parole Commission, and Robert A. Hood, Warden, Federal Detention Center, Sheridan, Oregon, Respondents.**

**No. CV 05–008–RE.**

United States District Court,
D. Oregon.

April 4, 2005.

Christine Stebbins Dahl, Assistant Federal Public Defender, Portland, OR, for Petitioner.

Kenneth C. Bauman, Assistant United States Attorney, Portland, OR, for Respondents.

## OPINION AND ORDER

REDDEN, District Judge.

The matter before the court is Brent Sherman's petition (doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241. Oral argument was held on March 21, 2005.

Mr. Sherman is in federal custody, currently being held by the Bureau of Prisons at the Federal Detention Center in Sheridan. His status as a federal inmate is based on bank robbery and other convictions that occurred in 1982 in the Eastern District of California. Mr. Sherman also has convictions in 1986 for an armed bank robbery and escape in the District of Oregon.

On November 17, 2004, the Parole commission issued a parole violation arrest warrant for Mr. Sherman. It alleged two grounds upon which his parole could be revoked: a charge of sexual assault and a charge of fraud. On December 14, 2004, Mr. Sherman was taken into custody on the warrant.

On February 10, 2005, a U.S. Probation Officer conducted a preliminary interview with Mr. Sherman. Thereafter, she prepared a recommendation to the Parole Commission that they not find probable cause on the sexual assault charge, but that they find probable cause on the fraud charge. On March 18, 2005, the Parole Commission issued a finding that there was probable cause for the parole violation arrest warrant and proceedings against Mr. Sherman. He is scheduled for a parole revocation hearing on April 19, 2005.

Mr. Sherman argues the Parole Commission's arrest warrant violates the Warrant Clause of the Fourth Amendment because it was not issued upon probable cause, supported by an oath or affirmation. He requests this court to extend the holding in the recent Ninth Circuit case of *United States v. Vargas–Amaya*, 389 F.3d 901 (9th Cir.2004)[1], that dealt with supervised release violation warrants, to cover his parole violation warrant. In *Vargas–Amaya*, the court held, as a matter of first impression, that the district court did not have jurisdiction to revoke his term of supervised release because a valid warrant was not issued within the supervision period as required by 18 U.S.C. § 3583(i). *Id.* at 906. The court found the warrant was

---

**1.** The government's request for rehearing in    this case is pending.

invalid because it was based on unsworn allegations, in violation of the Warrant Clause of the Fourth Amendment. Therefore, the Ninth Circuit reversed the district court's revocation of defendant's supervised release, and concluded supervised release violation warrants are required to be issued "upon probable cause, supported by Oath or affirmation," as required by the Fourth Amendment. *Id.* at 907.

In *Vargas–Amaya*, the court discussed whether the warrant, which was based on unsworn facts, was a "warrant" within the meaning of that term in § 3583(i), the statute dealing with supervised release violation procedures. The court agreed with defendant's argument that the plain meaning of the term "warrant" means a document that is based on probable cause and supported by sworn facts. The court cited to a recent Supreme Court case it characterized as affirming that every warrant must meet the requirements of the Warrant Clause and be based upon probable cause, supported by oath or affirmation. *Groh v. Ramirez,* 540 U.S. 551, 124 S.Ct. 1284, 1298–90, 157 L.Ed.2d 1068 (2004). The Ninth Circuit also quoted *Nathanson v. United States,* 290 U.S. 41, 47, 54 S.Ct. 11, 78 L.Ed. 159 (1933): "The [Fourth] [A]mendment applies to warrants under any statute; revenue, tariff, and all others." The Ninth Circuit then construed § 3583 "to mean that not all warrants or summonses will extend the district court's jurisdiction to revoke supervised release. Instead, the warrant issued must have been based upon sworn allegations that the person violated a condition of supervised release." 389 F.3d at 906. The court said that while on supervised release, a defendant is subject to lesser Fourth Amendment protection, but he is nonetheless protected by the Fourth Amendment. *Id.* The court said "[u]nlike the Fourth Amendment's malleable restriction on unreasonable searches and seizures, the Warrant Clause is exceptionally clear and provides that '*no Warrants shall issue,* but upon probable cause, supported by Oath or affirmation'." *Id.* at 907, quoting U.S. Const. amend. IV (emphasis in original). The Ninth Circuit concluded that while certain searches may be permissible with less than probable cause, "under the Fourth Amendment, no warrant is valid unless there is probable cause supported by sworn facts." *Id.*

The government argues that *Vargas–Amaya* is not controlling in this case because the Ninth Circuit was interpreting the supervised release statute, 18 U.S.C. § 3583(i), and not the parole statute that governs revocation of federal parole terms, 18 U.S.C. § 4213. The government also argues a Parole Commission warrant is an administrative warrant that does not require full Fourth Amendment protections, citing to *Griffin v. Wisconsin,* 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987), and *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In *Griffin,* the Supreme Court distinguished between "administrative warrants" and "judicial warrants," noting that administrative warrants are issued on less than the probable cause required by the Fourth Amendment. *Griffin* at 877–78, 107 S.Ct. 3164. In *Morrissey,* the Supreme Court emphasized that parole is unlike the criminal process and that procedural due process protections may be far more "flexible." *Morrissey* at 489, 92 S.Ct. 2593. The Court observed that a parolee does not enjoy "the absolute liberty to which every citizens is entitled, but only [a] conditional liberty properly dependent on observance of special parole restrictions." *Id.* at 480, 92 S.Ct. 2593.

Further, "parolees are neither totally stripped nor fully vested with constitution-

al protections. They are different from other citizens and they may, in certain circumstances possess fewer constitutional rights." *United States v. Polito*, 583 F.2d 48, 54–55 (2nd Cir.1978) (detention of parolee under parole violator's arrest warrant is not an "arrest" as defined in the Fourth Amendment). Further:

> There is a logical reason to distinguish between the retaking of a parolee and the apprehension of one to be charged with a crime. The parole revocation procedure is not part of a criminal prosecution, and a parolee may be arrested and reincarcerated for reasons that would not permit the arrest or incarceration of other persons. Therefore, it is reasonable to assume an administrative warrant issued for retaking of a parolee should not be judged by exacting Fourth Amendment standards.

*Henrique v. U.S. Marshal*, 476 F.Supp. at 629. *See also Hyser v. Reed*, 318 F.2d 225, 241 (D.C. Cir.1963) (upholding parole violator warrant noting "Congress evinced no intent to require precisely the same formalities and safeguards as to those contained in the Constitution for criminal arrest"); *Calhoun v. New York State. Div. of Parole Officers*, 999 F.2d 647, 650 (2d Cir. 1993) (a parole warrant "is an administrative warrant used in retaking and detaining a parolee or conditionally released prisoner."); *Moore v. Smith*, 412 F.2d 720, 725 (7th Cir.1969) (Parole Commission issues "administrative warrant" for alleged parole violations); *U.S. ex rel. Randazzo v. Follette*, 418 F.2d 1319, 1322 (2nd Cir.1969) (a parole violator's arrest warrant "is designated as 'administrative.' Its issuance does not depend on a finding of probable cause."); *Hyser v. Reed*, 318 F.2d at 241 (a parole violator's arrest warrant is an "administrative warrant" and is not required

to have "precisely the same formalities and safeguards as to those contained in the Constitution for criminal arrest."); *Jarman v. United States*, 92 F.2d 309, 311 (4th Cir.1937) (parolee was already "under arrest" and parole violator warrant is not a warrant for arrest as contemplated by the Fourth Amendment).

The government likens parole violation warrants to Immigration and Naturalization Service (INS) deportation warrants, which have long been characterized as "administrative" warrants that need not be issued by a magistrate and do not have the same Fourth Amendment requirements as criminal or judicial warrants. *See Abel v. United States*, 362 U.S. 217, 232, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960) (sustaining an INS arrest made "under an administrative warrant, not a judicial warrant within the scope of the Fourth Amendment"); *Flores by Galvez–Maldonado v. Meese*, 934 F.2d 991, 1013 (9th Cir.1990) (Fourth Amendment requirements do not apply to deportation proceedings); *Spinella v. Esperdy*, 188 F.Supp. 535 (S.D.N.Y.1960) (INS administrative warrants do not violate the oath or affirmation requirement of the Fourth Amendment).

Finally, the government argues the revocation of parole is merely a transfer decision without Fourth Amendment implications because it is well-settled that a parolee is still serving his sentence while on parole, albeit outside the prison walls. *See Artez v. Mulcrone*, 673 F.2d 1169, 1170 (10th Cir.1982) (Parole Commission "merely decides whether the individual will serve the sentence inside or outside the prison walls"); *Polito*, 583 F.2d at 54 ("The difference in status and protection is based on the fact that parolees have been convicted of a crime and are still serving their sentence while on parole, al-

beit not within prison walls"); *Hyser*, 318 F.2d at 235 (parolee has already lost his freedom and "while paroled, he is still a convicted prisoner whose tentatively assumed progress is in the sense of being 'field tested' ").

This court declines to extend the holding in *Vargas–Amaya* to cover parole violation warrants. There is no dispute that supervised release violation warrants must be issued by judicial officers, but parole violation warrants are issued by the Parole Commission. Mr. Sherman's arguments for extension of *Vargas–Amaya* to cover administrative warrants are unpersuasive given the numerous cases that have characterized parole violator warrants as administrative and as not requiring full Fourth Amendment protection.

Finally, the government argues Mr. Sherman failed to exhaust his administrative remedies because he failed to appeal to the Parole Commission's National Appeals Board. Mr. Sherman counters there was not an adequate administrative remedy for the issues he has raised and the relief he seeks, *i.e.*, a challenge to Parole Commission jurisdiction, scope of the judgment, execution of a non-parolable sentence, and validity of the parole violation warrant. Mr. Sherman argues that even if he did not exhaust available administrative remedies, the judicial exceptions of futility and imminent harm apply here.

The district court in its discretion may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding to court." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990). This court need not delve into the issue of whether Mr. Sherman exhausted his administrative remedies. Even if, in the exercise of discretion, the court were to ex-cuse any failure to exhaust administrative remedies, Mr. Sherman's claims are without merit (as discussed above).

For the reason discussed above, Mr. Sherman's petition (doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED, this action is dismissed, and all pending motions are DENIED AS MOOT.

IT IS SO ORDERED.