**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Filemon PEREZ–AMAYA, also known
as Francisco Lopez–Villa,
Defendant—Appellant.**

**No. 05–50047.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 6, 2005.*

Decided May 6, 2005.

Karl A. Sandoval, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee. Steven L. Barth, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

## MEMORANDUM **

Filemon Perez–Amaya challenges the district court's jurisdiction to sentence him for a violation of the terms of his supervised release. Because, under *United States v. Vargas–Amaya*,[1] the court indeed lacked jurisdiction, we reverse and remand with instructions to vacate Perez–Amaya's sentence.

The district court was under the mistaken impression that, because the mandate in *Vargas–Amaya* had not yet issued, the case was not precedential. It was.[2] We recognize the legitimate concerns that motivated the district court's actions. The proper way to address concerns regarding maintaining the status quo while *Vargas–Amaya* was resolved, however, was to issue an order applying the case, thereby enabling the Government to request a stay of the order from this Court.

There is no dispute that applying *Vargas–Amaya* necessitates reversal, remand, and a vacation of Perez–Amaya's sentence.[3] Accordingly, we reverse and remand with instructions to vacate the sentence.

REVERSED AND REMANDED WITH INSTRUCTIONS TO VACATE THE SENTENCE. THE MANDATE SHALL ISSUE FORTHWITH.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(A)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 389 F.3d 901, 907 (9th Cir.2004) (holding that "a district court's jurisdiction to revoke supervised release can be extended beyond the term of supervision under [18 U.S.C.] § 3583(i) based on a warrant issued during the term of supervision, only if the warrant was issued "upon probable cause, supported by Oath or affirmation" as required by the Fourth Amendment").

2. *See Chambers v. United States*, 22 F.3d 939, 942 n. 3 (9th Cir.1994), *vacated on other grounds by* 47 F.3d 1015 (9th Cir.1995).

3. *See Vargas–Amaya*, 389 F.3d at 907.