# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

August 5, 2013

Lyle W. Cayce
Clerk

No. 12-41359
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL GONZALEZ-PEREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No.5:10-CR-2468-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Daniel Gonzalez-Perez appeals the 24-month sentence imposed upon the revocation of his supervised release. Relying on *United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011), he contends that the district court procedurally erred by considering sentencing factors listed in 18 U.S.C. § 3553(a)(2)(A) in determining his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41359

As Gonzalez-Perez acknowledges, our review is for plain error. *See United States v. Whitelaw,* 580 F.3d 256, 259-60 (5th Cir. 2009). Although the probation officer recommended that the district court sentence Gonzalez-Perez to "a term of incarceration which would reflect the seriousness of his noncompliant behavior, promote respect for the law and provide just punishment for the violations," we do not impute that recommendation to the district court. *See United States v. Culbertson,* 712 F.3d 235, 243 (5th Cir. 2013) ("[t]he district court's words are the best evidence of why it did what it did.").

The district court did not mention the need for punishment but twice noted Gonzalez-Perez's total disregard of federal and state laws. Although this is arguably similar to the language in *Miller,* we have not addressed whether consideration of a defendant's total disregard for state and federal laws is tantamount to consideration of the need for the sentence imposed to promote respect for the law. Accordingly, Gonzalez-Perez has not shown clear or obvious error. *See Puckett v. United States,* 556 U.S. 129, 135 (2009).

Nor has he shown that the alleged error affected his substantial rights. The record shows that the district court considered the following in determining Gonzalez-Perez's revocation sentence: Gonzalez-Perez's violations of four conditions of his supervised release; the recommended guidelines range of 6 to 12 months, the 24-month statutory maximum range, and the 18-month sentence Gonzalez-Perez requested in lieu of a 24-month sentence; Gonzalez-Perez's previous conviction involving forged payroll checks, and his new offense of attempting to pass a forged payroll check; Gonzalez-Perez's age; and the number of his illegal reentries and his characterization of these as mere mistakes. This record does not unambiguously indicate that, but for the district court's consideration of impermissible sentencing factors, there is a

2

reasonable probability that Gonzalez-Perez would have received a lower sentence. *See Puckett*, 556 U.S. at 135; *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010); *United States v. Mares*, 402 F.3d 511, 521 (5th Cir. 2005).

AFFIRMED.