**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

APR 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NARINE HOVHANNISYAN, | No. 10-70116 |
| Petitioner, | Agency No. A095-398-439 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2014
Pasadena, California

Before: PAEZ and NGUYEN, Circuit Judges, and MOTZ, District Judge.[**]

Narine Hovhannisyan ("Hovhannisyan"), a native and citizen of Armenia,

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

denying her motion to reopen based on changed country circumstances.

Hovhannisyan originally sought asylum, withholding of removal and protection

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable J. Frederick Motz, Senior District Judge for the
U.S. District Court for the District of Maryland, sitting by designation.

under the Convention Against Torture on account of her religious beliefs, which was denied due to an adverse credibility determination. She now seeks to reopen her application, alleging that Armenian authorities intend to persecute her because of her affiliation with the Unity Alliance political party, as evidenced by a recent shooting targeting her family in Armenia. Finding no abuse of discretion, we deny the petition for review.[1]

A motion to reopen requires a showing that the "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Motions to reopen are statutorily required to be accompanied by "affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1); 8 U.S.C. § 1229a(c)(7)(B). Affidavits are defined as "'sworn' declaration[s] of facts.'" *United States v. Vargas-Amaya*, 389 F.3d 901, 905 (9th Cir. 2004) (citing Black's Law Dictionary 58 (7th ed. 1999)).

Hovhannisyan's motion to reopen was supported by her own unsworn statement, as well as nine unsworn statements from various family members. Because the statements were unsworn, the BIA declined to credit them as affidavits and instead granted them limited evidentiary weight. We hold that this was not an

---

[1]We review the denial of a motion to reopen for abuse of discretion. *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012).

abuse of discretion. Under the governing regulations, the BIA was not required to give the unsworn statements any weight at all, because they were not affidavits. *See* 8 C.F.R. § 1003.2(c)(1); 8 U.S.C. § 1229a(c)(7)(B); *see also INS v. Jong Ha Wang*, 450 U.S. 139, 143 (1981) (holding that where allegations are "unsupported by affidavit" they cannot support a motion to reopen because this would constitute a circumvention of the affidavit requirement in the regulations). Likewise, the BIA was also entitled to find the statements of limited evidentiary value because they did not address Hovhannisyan's prior adverse credibility determination. *See Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2007) (holding that the BIA may consider prior adverse credibility findings when evaluating a petitioner's motion to reopen). Under these circumstances, the BIA did not abuse its discretion in concluding that Hovhannisyan's unsworn statements were of limited evidentiary weight.

Moreover, the BIA correctly held that the remaining evidentiary materials could not support the motion to reopen. In addition to the unsworn statements, Hovhannisyan submitted an Armenian medical record and several country conditions reports. The BIA held that these materials did not establish changed circumstances in Armenia which were material to Hovhannisyan's claims. We agree. Although the medical record submitted by Hovhannisyan was credible, it

3

provided no information as to why Hovhannisyan's family members were targeted nor suggested that the shooting of her nephew was intended as retribution for Hovhannisyan's political affiliations. Additionally, the country conditions reports that Hovhannisyan offered were of a general nature and made no mention of the Unity Alliance or of any government violence directed toward Unity Alliance members. Accordingly, the BIA did not abuse its discretion in holding that Hovhannisyan failed to establish materially changed circumstances in Armenia necessary to support her motion to reopen.

**PETITION DENIED.**