**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHAMMED JEWEL,<br><br>       Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>       Respondent. | No. 12-71832<br><br>Agency No. A070-947-513<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 1, 2016**
Pasadena, California

Before: O'SCANNLAIN, RAWLINSON, and CALLAHAN, Circuit Judges.

Mohammad Jewel, a native and citizen of Bangladesh, petitions for review

of the BIA's denial of his motion to reopen removal proceedings based on changed

country conditions. We have jurisdiction under 8 U.S.C. § 1252, and we deny the

petition.

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jewel first argues that the BIA did not give adequate weight to his declarations, which were not sworn or otherwise made under penalty of perjury. The BIA did not abuse its discretion by giving Jewel's declarations "minimal evidentiary weight" because the BIA was not required to give *any* weight to unsworn declarations. *See* 8 U.S.C. § 1229a(c)(7)(B) ("The motion to reopen . . . shall be supported by affidavits or other evidentiary material."); 8 C.F.R. § 1003.2(c)(1) (same); *United States v. Vargas-Amaya*, 389 F.3d 901, 905 (9th Cir. 2004) ("[A]ffidavits . . . are signed under oath . . . .") (citing *Affidavit*, *Black's Law Dictionary* (7th ed. 1999) (defining "affidavit" as a "sworn" declaration of facts)); *see also INS v. Jong Ha Wang*, 450 U.S. 139, 142–43 (1981) (error to require a hearing on a motion to reopen where "[n]one of the allegations was sworn").

Jewel next argues that the BIA mistakenly concluded that his claims of changed circumstances were subject to a time limitation. The BIA's referring to the motion to reopen as "untimely" simply reflected the fact that the motion was filed more than ninety days "after the date on which the final administrative decision was rendered." *See* 8 C.F.R. § 1003.2(c)(2). The BIA properly considered whether Jewel had shown changed circumstances in Bangladesh. *See* 8 C.F.R. § 1003.2(c)(3)(ii). In concluding that Jewel failed to show materially changed circumstances, the BIA did not abuse its discretion.

2

**DENIED.**