# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50094
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 28, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARCHIE DALE GOODMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:15-CR-268-1

Before WIENER, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

In 2012, Archie Dale Goodman pled guilty to possession of stolen mail and aiding and abetting. He was sentenced to 21 months of imprisonment, three years of supervised release, and restitution in the amount of $2,685.90. His supervised release had previously been revoked three times. In 2016, the probation officer filed a petition, alleging that Goodman violated four conditions of his supervised release. The district court revoked Goodman's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release and sentenced him to the 24-month statutory maximum revocation sentence with no additional term of supervised release.  He timely appealed.

Goodman argues that the district court improperly considered the factors in 18 U.S.C. § 3553(a)(2)(A) in imposing his sentence.  As Goodman concedes, he did not raise this issue in the district court and, therefore, review is limited to plain error.  *See United States v. Whitelaw*, 580 F.3d 256, 259–60 (5th Cir. 2009).  To demonstrate plain error, Goodman must show a clear or obvious forfeited error that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court would have the discretion to correct the error but should do so only if the error seriously affects the fairness, integrity, or public reputation of the proceedings.  *See id.*

A district court may not base a revocation sentence on certain factors listed at § 3553(a)(2)(A).  *United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011).  Those prohibited factors include "the need for the sentence imposed [ ] to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  § 3553(a)(2)(A).  It is clear error to base the sentence on a forbidden § 3553(a)(2)(A) factor.  *United States v. Rivera*, 784 F.3d 1012, 1017–18 (5th Cir. 2015).  However, if the forbidden factor was not "a dominant factor" but rather "merely a secondary concern or an additional justification for the sentence" there is no error.  *Id.* at 1017.

The record indicates that the district court implicitly considered the § 3553(a) factors in imposing Goodman's sentence.  The district court did not expressly state that it considered the factors in § 3553(a)(2)(A), and the record does not indicate that the district court improperly considered those factors.  Unlike the court in *Miller*, the district court here did not mention lack of "respect for the law," and the comments made are consistent with the

No. 17-50094

permissible factor of deterrence.  § 3553(a)(2)(B).  At a minimum, then, any error was not clear or obvious.  *See Puckett*, 556 U.S. at 135; *United States v. Gonzalez-Perez*, 537 F. App'x 589, 590 (5th Cir. 2013).

Further, Goodman has not shown that the district court's alleged error affected his substantial rights.  The district court considered Goodman's arguments, his history and characteristics, his four violations of his supervised release, his three prior supervised release revocations, the recommended policy guidelines range of seven to 13 months of imprisonment, and the 24-month statutory maximum sentence.  The record does not unambiguously indicate that, but for the district court's improper consideration of impermissible factors, there is a reasonable probability that Goodman would have received a lower sentence.

In addition, Goodman asserts that the district court did not adequately explain its finding that he violated the conditions of supervised release by failing to maintain employment.  At the revocation hearing, the district court questioned Goodman concerning the alleged violations of his supervised release terms.  Although Goodman stated vaguely that he contacted his probation officer on October 9 or 10, 2016, and told her that he had a new job in Big Springs, Goodman conceded that he did not have a job after October 8, 2016.  Thus, the district court did not base its finding that Goodman failed to maintain employment solely on the allegations in the petition.  Because the record shows that the reasons for the revocation were obvious, the absence of specific reasons for the district court's finding is harmless.  *See United States v. McCormick*, 54 F.3d 214, 220 (5th Cir. 1995).

Finally, Goodman argues that the warrant for his arrest was not valid because it was not supported by sworn facts, relying on *United States v. Vargas-Amaya*, 389 F.3d 901, 902 (9th Cir. 2004).  Goodman concedes that this

3

argument is foreclosed by this court's precedent in *United States v. Garcia-Avalino*, 444 F.3d 444, 445–47 (5th Cir. 2006).

AFFIRMED.