Kenneth L. HAWKINS, Plaintiff,

v.

E. Wayne LAWSON, Commissioner of the Oklahoma Department of Public Safety, Defendant.

No. 74–440–D Civ.

United States District Court,
W. D. Oklahoma,
Civil Division.

May 23, 1974.

Allen B. Massie, Oklahoma City, Okl., for plaintiff.

Larry Derryberry, Atty. Gen., Oklahoma City, Okl., for defendant.

ORDER

DAUGHERTY, Chief Judge.

Plaintiff has applied to this Court for the creation of a Three-Judge Court un-

der the provisions of 28 U.S.C. § 2281 et seq. The Plaintiff claims that Title 47, Oklahoma Statutes § 753 [1] is unconstitutional and that the Defendant, as Commissioner of the Oklahoma Department of Public Safety, should be enjoined from enforcing said Statute.

From the Complaint it appears to be Plaintiff's contention that said Statute is violative of the Fifth Amendment to the United States Constitution for the reason that the Statute operates to compel the Plaintiff to give incriminating evidence against himself; is violative of the Fourteenth Amendment to the United States Constitution as to Plaintiff's right to due process for the reason that the Statute does not provide that a proper issue at the administrative hearing is the issue of whether or not the Plaintiff was in fact intoxicated at the time he was offered the chemical test and is further violative of the Fourteenth Amendment to the United States Constitution in that the Statute does not afford him the equal protection of the laws.

The Court is required, as a separate judicial and jurisdictional function, to determine whether this case may be adjudicated by a Three-Judge Court or if it may be adjudicated by a Single-Judge Court. The request for a Three-Judge Court is more than a ministerial act and involves judicial discretion, as an improvident designation will result in a considerable waste of time and energy of the Judges, counsel and litigants. Miller v. Smith, 236 F.Supp. 927 (D.C. Pa. 1964).

The determination by this Court whether a Three-Judge Court should be convened depends, inter alia, on whether Plaintiff has raised a substantial Federal Constitutional question. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1963); Idlewild Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962).

The Court concludes that the Plaintiff has not raised a substantial Federal question in his Complaint. The United States Supreme Court in Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) has decided that the Fifth Amendment proviso against self-incrimination relates only to testimonial or communicative acts on the part of the plaintiff and does not apply to acts non-communicative in nature even though such acts are compelled to obtain the testimony of others. This was a blood withdrawal and testing case and the compulsory taking of the blood even though objected to by the party involved was found not to be violative of his Fifth Amendment privilege against self-incrimination. It is believed that this case is dispositive of Plaintiff's complaint of a Fifth Amendment violation by said Statute. Also, see a decision of the Oklahoma Supreme Court to the same effect in Bailey v. City of Tulsa, 491 P.2d 316 (1971).

Plaintiff's next complaint is wholly without merit and raises no substantial Federal Constitutional question inasmuch as 47 Oklahoma Statutes § 754, the next section, and which provides for a hearing in connection with this matter provides that the scope of the hearing,

1. This Statute provides:
"§ 753. Refusal to submit to test
 If a conscious person under arrest refuses to submit to chemical testing, none shall be given, but the Oklahoma Commissioner of Public Safety, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways while under the influence of alcohol or intoxicating liquor, and that the person had refused to submit to the test or tests, shall revoke his license to drive and any nonresident operating privilege for a period of six months; or if the person is a resident without a license or permit to operate a motor vehicle in this state, the Oklahoma Commissioner of Public Safety shall deny to the person the issuance of a license or permit for a period of six months after the date of the alleged violation, subject to review as hereinafter provided."

" . . . shall cover the issues of whether the person had been driving or was in actual physical control of a vehicle upon the public highways while under the influence of alcohol or intoxicating liquor . . . ." Thus, Plaintiff's complaint in this respect must be regarded as being without merit as he is afforded the right which he claims he is denied.

The last contention, namely, that the Statute under attack denies him the equal protection of the laws under the Fourteenth Amendment is also without merit. The Oklahoma Supreme Court in Robertson v. State ex rel. Lester, 501 P.2d 1099 (1972) in treating with this law held that the same conforms to the Constitutional due process requirement by providing notice and an opportunity for hearing, providing for an administrative hearing subject to judicial review and applying to all licensed motorists in an identical manner. Plaintiff makes no factual allegations which support his bare conclusion that this law would not apply equally to all.

In 88 ALR2d 1064 Annotation: Suspension or revocation of driver's license for refusal to take sobriety test, § 2, pg. 1068 it is stated:

"Validity of statutes; constitutional questions.

The courts have looked favorably upon statutes which gave to motor vehicle operators the choice of submitting to a sobriety test or losing their licenses because of their refusal, and, with the exception of one court which had under consideration the provisions of the New York statute as first enacted, have rejected various objections based on the constitutionality of the statutes, or of particular administrative action thereunder."

Plaintiff's Motion For A Three Judge Court is denied as a substantial Federal Constitutional question is not presented by this Plaintiff in his Complaint.