**Thomas WILSON, Plaintiff,**

v.

**C. E. WILLIAMS, Deputy Director, State of Oklahoma, Department of Corrections, the People of the State of Oklahoma, Defendants.**

Civ. No. 76–0207–D.

United States District Court,
W. D. Oklahoma.

April 22, 1976.

Thomas Wilson, pro se.

Larry Derryberry, Atty. Gen., of Oklahoma by Paul Crowe and Kay Karen Kennedy, Asst. Attys. Gen., Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff has applied to this Court for the creation of a Three-Judge Court under the provisions of 28 U.S.C. § 2281 et seq. The Plaintiff claims that Title 57, Oklahoma Statutes 1971, Sections 516 and 517 are unconstitutional and that the Defendants should be enjoined from issuing arrest warrants for parole and probation violators pursuant to said statutes.

From the Complaint, it appears that Plaintiff is a prisoner of the State of California and is subject to an arrest warrant issued by Defendant Williams for violation

of parole.[1] Plaintiff contends that the statutory provisions complained of[2] violate the provisions of the Fourth Amendment to the United States Constitution for the reason that an arrest warrant was issued by Defendant Williams pursuant to the Statute under attack without probable cause and without a supporting oath or affirmation. It is further contended that the arrest warrant issued by Defendant Williams was not issued by a magistrate or judicial officer vested with powers to issue such a warrant. It is further alleged that the Fourteenth Amendment to the United States Constitution guarantees Plaintiff due process and equal protection and makes the Fourth Amendment rights asserted operative upon Defendants.

The Court is required, as a separate judicial and jurisdictional function, to determine if this case may be adjudicated by a Three-Judge Court or if it may be adjudicated by a Single-Judge Court. The request for a Three-Judge Court is more than a ministerial act and involves judicial discretion, as an improvident designation will result in a considerable waste of time and energy of the Judges, counsel and litigants. *Miller v. Smith,* 236 F.Supp. 927 (E.D.Pa. 1964); *Hawkins v. Lawson,* 379 F.Supp. 382 (W.D.Okl.1974).

The determination by this Court whether a Three-Judge Court should be convened depends, inter alia, on whether Plaintiff has raised a substantial Federal Constitutional question. *Ex parte Poresky,* 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); *Idlewild Liquor Corp. v. Epstein,* 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1963); *Bailey v. Patterson,* 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962).

The Court concludes that the Plaintiff has not raised a substantial Federal question in his Complaint. 57 Oklahoma Stat-

1. The Complaint states that the subject of said arrest warrant is Fred Winchester but Plaintiff states it has been executed on him under the name of Thomas Wilson.

2. 57 Oklahoma Statutes 1971 § 516 applies to parole violators and would appear to be the authority under which the warrant complained

of was issued. 57 Oklahoma Statutes 1971 § 517 applies to probation violators and it is doubted that Plaintiff has standing to attack same and thus the Court will only consider § 516 in determining whether a Three-Judge Court should be convened.

utes 1971 § 516 provided at the time the warrant Plaintiff complains of was issued as follows:[3]

"The Probation-Parole Officer shall upon information sufficient to give him reasonable grounds to believe that the parolee has violated the terms and conditions of his parole, notify the Deputy Director of the Division of Probation and Parole. Said Deputy, if he determines that the facts justify such action, shall issue a warrant for the arrest of any such parolee and any such warrant shall have the force and effect of any warrant of arrest issued by a District Court in this State. Any such parolee shall, after arrest be immediately incarcerated in the nearest county jail to await action of the Governor as to revocation of his parole."

In *Story v. Rives,* 68 App.D.C. 325, 97 F.2d 182 (1938) the Court stated:

"Appellant completely misconstrues the nature and purpose of the laws governing parole and conditional releases. A warrant issued for the retaking of a person under these laws proceeds upon an entirely different premise and serves a different purpose than in the case of a warrant for the arrest of a person charged with the commission of a crime. A released prisoner is not a free man. Prior to the expiration of his maximum term he is a ward of the Parole Board, subject to its control and care. * * * Consequently, it cannot be said that the retaking of a prisoner who is already within the legal custody of the authorities constitutes an arrest within the meaning of the constitutional provisions."

A parole violation arrest warrant was considered in the case of *Jarman v. United States,* 92 F.2d 309 (Fourth Cir. 1937) wherein the Court stated:

"We think, however, that it is proper to observe that the warrant in question was not a warrant for the arrest of one to be charged with and tried for a crime, nor for search and seizure of property, as contemplated in the Fourth Amendment to the Constitution."

The issuing of warrants for the retaking of violators of Federal paroles pursuant to 18 U.S.C. § 4205 was upheld by now Chief Justice Burger in *Hyser v. Reed,* 115 U.S. App.D.C. 254, 318 F.2d 225 (1963) cert. den. *Jamison v. Chappell,* 375 U.S. 957, 84 S.Ct. 447, 11 L.Ed.2d 316, wherein the Court stated:

"It is equally clear that in issuing a warrant the Board or its member makes only a tentative or preliminary evaluation finding to the effect that reasonable grounds or cause appears to justify a belief that the parole conditions have been violated. The phase can be analogized to the processes by which a criminal arrest warrant issues although Congress evinced no intent to require precisely the same formalities and safeguards as to those contained in the Constitution from criminal arrests."

The Chief Justice noted the holding of *Story v. Rives, supra,* as set out above in this Order wherein he stated:

"The parolee at liberty on a conditional release is obviously not in the same posture as an ordinary citizen who has neither charge nor conviction outstanding, but it does not follow that the parolee is without any rights for Congress has given him certain protections."

█ Certain protections are afforded a parolee under the Oklahoma statute under attack by Plaintiff in this action. The statute requires the Parole officer after a finding of reasonable grounds to notify the Deputy Director who must also make a finding that the issuance of an arrest warrant for the purported parole violation is warranted.

In *Moore v. Smith,* 412 F.2d 720 (Seventh Cir. 1969) the Court upheld the Federal parole revocation procedures noting that the Parole Board issues "administrative warrants" for alleged violations.

---

**3.** Said statute was amended effective October 1, 1975 which amendment made no substantive change but merely changed the titles given parole officers and the department which administers paroles.

The foregoing cases involved Federal procedures for parole revocation. In *United States ex rel. Randazzo v. Follette,* 418 F.2d 1319 (Second Cir. 1969) cert. den. 402 U.S. 984, 91 S.Ct. 1672, 29 L.Ed.2d 150, the Court considered a New York State Statute [4] containing provisions very similar to the Oklahoma Statute under attack in the instant case wherein the Court after noting the requirement that the Parole officer after having "reasonable cause to believe" a parole violation has occurred must turn the information over to a superior who must determine whether a warrant should issue stated:

> "While the safeguards accorded under this statutory scheme are not as extensive as those required to obtain a warrant for the arrest of an ordinary citizen, they appear to us to be sufficient to provide for the lawful arrest of a parolee."

The rights of a parolee in regard to revocation proceedings were set out in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) wherein the Court stated:

> "We begin with the proposition that the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations. Cf. *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967)."

The Court in *Morrissey v. Brewer, supra,* after finding some safeguards or procedural guarantees should be afforded in a parole revocation proceeding noted as follows:

> "The first stage occurs when the parolee is arrested and detained, usually at the direction of the parole officer."

The United States Supreme Court thus appears to have found no fault in such procedure. That Court found that after said arrest, a suspected parole violator should be afforded a proceeding similar to a "preliminary hearing" to determine if probable cause exists that the arrested parolee has violated the terms of his parole. In regard to this procedure the Court stated:

> "This independent officer need not be a judicial officer. The granting and revocation of parole are matters traditionally handled by administrative officers."

In considering the standards outlined in *Morrissey v. Brewer, supra,* it would appear that Plaintiff's contentions raised in the instant case that the arrest warrant should have been issued by a magistrate or other judicial authority is clearly without merit since the officer who is to conduct a "preliminary hearing" following the arrest of a parole violator is not required to be a judicial officer.

Plaintiff's Application for Three-Judge District Court for Injunction Affecting Enforcement of Sections 516 and 517, Title 57, Oklahoma Statutes of 1971 is denied as a substantial Federal Constitutional question is not presented by the Plaintiff in his Complaint.

It is so ordered this 22nd day of April, 1976.

---

4. Said Statute codified as N.Y. Correction Law § 216 (McKinney 1968).