[No. 3646-4-III. Division Three. November 20, 1980.]

THE STATE OF WASHINGTON, *Appellant,* v. TIMOTHY JOHN COAHRAN, *Respondent.*

*Ronald R. Carpenter, Prosecuting Attorney,* and *John S. Bumford, Deputy,* for appellant.

*Stephen E. Bishop,* for respondent.

MUNSON, J.—The State of Washington appeals an order granting the defendant's motion to suppress evidence.

On January 20. 1979, the Pullman police received a phone call from a citizen indicating Donald James had threatened him. An officer went to the citizen's home and discussed the citizen's relationship with James and the nature of the threats. Based upon this discussion, James' parole officer was contacted, and he ordered James' arrest and a search of James' truck and home. Shortly thereafter, the police spotted James in his truck, stopped it and

arrested him. Also in the truck was a hitchhiker, defendant Coahran. After James' arrest, Coahran was asked to exit the cab, was patted down for weapons, and was asked if he had anything in the truck. Coahran responded affirmatively, pointing out two sleeping bags. The bags were searched, found free of contraband, and released to Coahran, who was told he was free to go.

Meanwhile, officers searching the sleeping compartment directly behind the passenger seat of the truck found a paper bag; inside was a plastic bag containing marijuana. Based upon the proximity of this marijuana to the passenger seat, the officers arrested Coahran. Upon arrest, he was searched, initially at the scene of the incident and later at the police station. Various controlled substances were found on his person. Coahran later confessed to ownership of the marijuana; that issue is not before the court. He objects, however, to those searches which resulted in finding other controlled substances on his person. The trial court agreed and suppressed that evidence.

The trial court found Coahran had automatic standing under *Jones v. United States,* 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725, 78 A.L.R. 2d 233 (1960), to object to the search of the truck and the discovery of the marijuana. *Jones* has been expressly overruled in *United States v. Salvucci,* 448 U.S. 83, 65 L. Ed. 2d 619, 100 S. Ct. 2547 (1980). We decline the opportunity to decide if "standing" is still a viable concept under article 1, section 7 of the Washington State Constitution, although this court may interpret our constitutional provisions to extend more protection to individuals than under federal constitutional analysis. *Cooper v. California,* 386 U.S. 58, 62, 17 L. Ed. 2d 730, 87 S. Ct. 788, 791 (1967); *State v. Fain,* 94 Wn.2d 387, 617 P.2d 720 (1980).

■ We find the search was valid on other grounds. James, the truck owner, was a parolee. Parolees' homes—and trucks—may be searched by parole officers, or the police as their agents, upon less than probable cause, given well founded suspicion. *State v. Simms,* 10 Wn. App. 75,

516 P.2d 1088 (1973). Here, a citizen–informant provided the necessary well founded suspicion. The entire truck was properly subject to search.

The trial court next found *Miranda* rights should have been given to Coahran at the scene of the search before any questions were asked. We disagree.

Coahran was removed from the truck and frisked for weapons. This was reasonable, considering the driver of the truck had been arrested for possible parole violations involving ownership of handguns allegedly carried in the truck and for allegedly threatening the life of the informant. *Terry v. Ohio,* 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968).[1]

The record indicates Coahran was asked to step from the truck, to walk to the back of the truck, and to lean against it while being frisked. Once the pat–down search resulted in a negative finding, the police were convinced Coahran was not participating in the crime for which the driver had been arrested. He was then asked to come to the front of the truck and identify anything in the truck belonging to him. At this point the police had not yet found the marijuana in the truck and actually had no suspicion Coahran might be involved in anything illegal. Before he was asked about having possessions in the truck, Coahran was not given *Miranda* warnings. It is permissible to detain a party for a *Terry* search without giving *Miranda* warnings. *Miranda* warnings become necessary when the interrogation becomes "custodial"—when as a result of investigation sufficient information arises to give the questioning officer probable cause to justify an arrest.

---

[1]The possible presence of a handgun and the need for the police to protect themselves distinguishes this situation from *State v. Larson,* 93 Wn.2d 638, 611 P.2d 771 (1980), where an investigative stop was made of a vehicle and all the passengers were questioned based only on a possible traffic violation by the driver. In *Larson* the court found the propriety of inquiry as to passengers rested upon the totality of the circumstances giving rise to reasonable, articulable suspicion something might be wrong. Here, such a reasonable, articulable suspicion existed due to the probable presence of handguns.

*State v. Hilliard,* 89 Wn.2d 430, 573 P.2d 22 (1977); *State v. Van Antwerp,* 22 Wn. App. 674, 591 P.2d 844 (1979), *rev'd on other grounds sub nom. State v. Shipp,* 93 Wn.2d 510, 610 P.2d 1322 (1980); *State v. Webster,* 20 Wn. App. 128, 579 P.2d 985 (1978). No probable cause to arrest arose until after Coahran was released from interrogation and was free to go. Therefore, *Miranda* warnings were not required prior to asking him to identify his possessions. *But see State v. Green,* 94 Wn.2d 216, 236, 616 P.2d 628 (1980) (Utter, C.J., concurring).

■■ The remaining issue is whether discovery of marijuana, immediately behind the passenger seat but inside the sleeper and therefore removed from the main section of the truck cab, provided probable cause for the police to arrest Coahran. Probable cause to arrest arises when:

> facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in a belief that an offense has been or is being committed.

*State v. Gluck,* 83 Wn.2d 424, 426–27, 518 P.2d 703 (1974). Here, probable cause existed to arrest Coahran for constructive possession of marijuana. In *State v. Mathews,* 4 Wn. App. 653, 656, 484 P.2d 942 (1971), the defendant was found guilty of possession of heroin which was beneath the carpet near the back right seat of the car in which he was a passenger. The court said:

> Constructive possession is proved when the person charged with possession has dominion and control over either the drugs or the premises upon which the drugs were found. *State v. Callahan,* 77 Wn.2d 27, 459 P.2d 400 (1969).
>
> In *State v. Potts, supra* [1 Wn. App. 614, 464 P.2d 742 (1969)], we held that an automobile may be considered a "premises" for the purpose of determining whether the defendant exercised dominion and control over the premises where the narcotic drugs were found. Whether a passenger's occupancy of a particular part of an automobile would constitute dominion and control of either the drugs or the area in which they are found would depend

upon the particular facts in each case. Mere proximity to the drugs is not enough to establish constructive possession—it must be established that the defendant exercised dominion and control over either the drugs or the area in which they were found.

*See also State v. Broadnax,* 25 Wn. App. 704, 612 P.2d 391 (1980). The police saw Coahran in the passenger seat and discovered marijuana in close physical proximity to where Coahran sat. They knew it would be possible to establish constructive possession of the marijuana; thus, a reasonable person in their position would have apprehended a crime had been committed, providing probable cause to arrest. The search of Coahran's person following his arrest was proper.

The Superior Court's ruling suppressing evidence is reversed; the case is remanded for trial.

GREEN, C.J., and McINTURFF, J., concur.

Reconsideration denied January 23, 1981.