[No. 40297-1-II.   Division Two.   July 26, 2011.]

THE STATE OF WASHINGTON, *Appellant*, v. BLAKE A. BARKER, *Respondent*.

*Susan I. Baur, Prosecuting Attorney*, and *David Phelan, Deputy*, for appellant.

*Catherine E. Glinski*, for respondent.

¶1 ARMSTRONG, J. — Blake Barker was arrested on a warrant issued by the Washington State Department of Corrections (DOC). During a search incident to arrest, a police officer found Barker in possession of a controlled substance. The trial court granted Barker's motion to suppress the drug evidence under *United States v. Vargas-Amaya*, 389 F.3d 901 (9th Cir. 2004), holding that the Fourth Amendment requires any warrant to be issued by a neutral and detached magistrate and supported by a statement of facts given under oath or affirmation. The trial court dismissed the case given the lack of other evidence. The State appeals the trial court's ruling, arguing that the trial court misapplied *Vargas-Amaya* because the Fourth Amendment does not apply to DOC warrants. Barker essentially concedes the error but urges us to affirm the trial court's ruling under his Fourteenth Amendment due process rights. We find that Barker's arrest warrant was

constitutionally valid under the Fourth and Fourteenth Amendments and therefore reverse and remand.

## FACTS

¶2 Barker was on community supervision with the DOC. On June 11, 2009, DOC Officer Patricia Green issued a warrant for Barker's arrest by filling out a "Wanted Person Entry Form" and e-mailing it to the Olympia DOC office. The form was not sworn or signed under oath, and Officer Green provided no additional information in the comment section of the form.

¶3 On July 29, 2009, a Longview police officer arrested Barker on the warrant. In a search incident to the arrest, the officer found a glass pipe containing methamphetamine.

¶4 The State charged Barker with unlawful possession of a controlled substance under RCW 69.50.4013(1). Barker moved to suppress the evidence, arguing that the search incident to arrest was illegal due to an invalid warrant. The trial court ruled that under the Fourth Amendment, as interpreted by *Vargas-Amaya*, 389 F.3d 901, "arrest warrants for probationers may not issue unless a neutral and detached magistrate finds probable cause to support the issuance of the warrant based upon facts set out by oath or affirmation." Clerk's Papers (CP) at 40. The trial court concluded that Barker's warrant violated the Fourth Amendment because it was not issued by a neutral and detached magistrate and no statement of facts was given under oath or affirmation. Accordingly, the trial court granted the motion and suppressed the drug evidence. Because there was no other evidence, the trial court dismissed the charge.

## ANALYSIS

¶5 The State argues that the trial court misapplied *Vargas-Amaya*. According to the State, the Ninth Circuit's holding in *Vargas-Amaya* is limited to the statute at issue

in that case. The State relies on *Sherman v. United States Parole Commission*, 502 F.3d 869 (9th Cir. 2007), for the proposition that warrants for offenders who violate the terms of their community custody are not subject to the same Fourth Amendment safeguards as judicial warrants. Barker fails to argue the applicability of *Vargas-Amaya* on appeal, claiming instead that he was denied his due process rights under the Fourteenth Amendment.

## I. FOURTH AMENDMENT

¶6 The State contends that Barker has conceded that *Vargas-Amaya* does not apply to his search by agreeing that DOC warrants do not require Fourth Amendment protections under *Sherman*. Indeed, Barker states in his brief that "[i]n *Sherman*, the Ninth Circuit Court of Appeals held that the oath or affirmation requirement of the Fourth Amendment does not apply to parole violation warrants." Br. of Resp't at 4.

¶7 We accept Barker's concession because *Sherman* does in fact recognize the limitations of *Vargas-Amaya*. In *Vargas-Amaya*, 389 F.3d at 903, the Ninth Circuit interpreted 18 U.S.C. § 3583(i)[1] and the meaning of the term "warrant" contained therein. Invoking several canons of statutory construction, the court concluded that Congress intended to incorporate the Fourth Amendment's requirements that every warrant be based on probable cause and supported by sworn facts.[2] *Vargas-Amaya*, 389 F.3d at 904. Subsequently, the *Sherman* court analyzed 18 U.S.C. § 4213, a statute authorizing "the Commission" to issue a parole violator's warrant. *Sherman*, 502 F.3d at 876-77.

---

[1] Essentially, 18 U.S.C. § 3583(i) provides a court with jurisdiction to revoke a term of supervised release for violation of a condition if a valid warrant was issued on the basis of the alleged violation. *See Vargas-Amaya*, 389 F.3d at 903.

[2] The court also held that because of the use of the past tense—requiring that a warrant has been issued—the statute merely enumerated requirements for jurisdiction without prescribing the requirements for issuing a warrant. *Vargas-Amaya*, 389 F.3d at 906. Thus, the trial court's reliance on *Vargas-Amaya* is particularly dubious given the limited reach of the case's holding.

There, the court distinguished the administrative warrant at issue from the ordinary judicial warrant implicated in *Vargas-Amaya*. In contrast to section 3583, the court read section 4213 as clearly authorizing the issuance of administrative warrants without any Fourth Amendment constraints. *Sherman*, 502 F.3d at 881. The *Sherman* court concluded that *Vargas-Amaya* stands for the relatively narrow proposition that a statutorily required judicial warrant for the arrest of a person on supervised release must comply with the Fourth Amendment in order to provide the district court with jurisdiction under section 3583(i). *Sherman*, 502 F.3d at 884-85.

¶8 Moreover, unlike the *Vargas-Amaya* court, the *Sherman* court was required to address the constitutionality of its holding that an administrative warrant need not comply with the warrant clause of the Fourth Amendment. *Sherman*, 502 F.3d at 883. The court concluded that because searches and seizures of parolees generally are not subject to the requirements of the warrant clause, the Fourth Amendment does not require an administrative parole violator warrant to be supported by oath or affirmation. *Sherman*, 502 F.3d at 884.

■ ¶9 Former RCW 9.94A.740 (2009)[3] justified the issuance of the warrant here and implicates an administrative rather than judicial warrant. The statute's plain language authorizes the secretary to issue a warrant to any offender who violates a community custody placement condition. *See Sherman*, 502 F.3d at 876 ("[s]ection 4213 expressly authorizes only 'the Commission' to issue a parole violator 'warrant' and thereby provides for an *administrative warrant*"). In addition, the statute omits any reference to Fourth Amendment requirements, stating only that community custody officers must have reasonable cause to believe a violation has occurred. *See Sherman*, 502 F.3d at 876-77

---

[3] Former RCW 9.94A.740 was subsequently amended, effective August 1, 2009. *See* LAWS OF 2008, ch. 231, § 22. RCW 9.94A.716 now provides that the secretary may issue warrants for the arrest of any offender who violates a condition of community custody; it is virtually identical to former RCW 9.94A.740.

(distinguishing several other statutes and rules that express a "probable cause" requirement). Given the obvious limitations of *Vargas-Amaya*, we conclude that the trial court erred in ruling that the Fourth Amendment requires an arrest warrant for probationers to be issued by a detached and neutral magistrate based on facts set out by oath or affirmation. Under *Sherman*, an administrative warrant issued by a designated administrator without an oath or affirmation is constitutionally permissible.[4] *Sherman*, 502 F.3d at 884.

## II. Due Process

¶10 Nonetheless, Barker argues that the warrant for his arrest was invalid because it did not contain a statement of facts that would have provided notice as due process requires. The State responds that (1) it is improperly raised on appeal because Barker did not argue it below and (2) there is no record on which to evaluate the DOC's compliance with minimal due process protections.

¶11 While the general rule is that parties may not raise a new issue for the first time on appeal, "[a] party may present a ground for affirming a trial court decision which was not presented to the trial court if the record has been sufficiently developed to fairly consider the ground." RAP 2.5(a); *see also Plein v. Lackey*, 149 Wn.2d 214, 222, 67 P.3d 1061 (2003). Thus, we must examine the record to determine whether there is sufficient evidence to decide whether Barker's due process rights were violated.

¶12 Here, Barker contends only that the warrant failed to provide notice of the drug charge filed against him. As support, he relies on the trial court's finding of fact, unchallenged by the State, that "[i]n the 'Wanted Person Entry Form,' Officer Green failed to enter any information

---

[4] Although the *Sherman* court did not explicitly hold that a parole violator warrant need not be issued by a detached and neutral magistrate, this holding is implied in the court's distinction between administrative search warrants and constitutionally mandated judicial warrants. *Sherman*, 502 F.3d at 876.

in the space provided under 'CCO comments.'" CP at 40. But this finding alone does not allow us to affirm the trial court's suppression ruling based on a due process violation. Barker did not raise the due process claim until his response on appeal. Thus, the State had no reason to challenge the factual finding on which Barker's due process claim rests. And neither the "Wanted Person Entry Form" nor the arrest warrant are part of the record. Thus, we cannot review the nature and extent of the notice given, if any.

¶13 Moreover, Barker provides no authority for his assertion that due process notice requirements apply when a warrant is issued. RAP 10.3(6); *see Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998) (passing treatment of argument is insufficient to merit judicial consideration). And we are aware of no case that has extended such rights to parolees at the issuance of the warrant. In *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), the United States Supreme Court addressed whether due process requirements apply to parole revocation hearings. Noting that the first stage of parole revocation is the arrest, the Court stated that due process requires some sort of minimal investigation *after* the arrest to help determine whether the arrested parolee committed the alleged violations. *Morrissey*, 408 U.S. at 485. The Court did not address due process requirements in the context of issuing the warrant. Revocation of parole is not part of a criminal prosecution and thus the full panoply of a defendant's rights in such a proceeding does not apply to parole revocations. *Morrissey*, 408 U.S. at 480-81; *see also In re Pers. Restraint of McNeal*, 99 Wn. App. 617, 994 P.2d 890 (2000) (holding that community custody in Washington is the equivalent to parole). Here, the protection afforded to an offender before a community custody revocation hearing is enough to protect his interests while allowing a corrections officer to enforce the terms of release. *See* RCW 9.94A.737 (requirements include (1) written notice of the violation, the evidence relied on, and the basis for the

sanction; (2) a hearing conducted by officers who report through a separate chain of command from the community correction officers; (3) an interpreter or other assistant; (4) the right to remain silent, present evidence, and confront witnesses; and (5) the right to appeal; *see also Morrissey*, 408 U.S. at 478-79. Accordingly, Barker's due process argument fails.

¶14 Reversed and remanded.

WORSWICK, A.C.J., and HUNT, J., concur.

Reconsideration denied September 1, 2011.