[No. 40271-8-II. Division Two. October 4, 2011.]

THE STATE OF WASHINGTON, *Appellant*, v. CRAIG ALLEN OLSON, *Respondent*.

*Susan I. Baur, Prosecuting Attorney*, and *David Phelan, Deputy*, for appellant.

*John A. Hays*, for respondent.

¶1 WORSWICK, A.C.J. — The State appeals from a trial court order suppressing evidence seized during a search incident to the arrest of Craig Olson for violating the terms of his community custody. The parties agree that the trial court misapplied federal case law to the situation, but Olson contends that despite the misapplication, other grounds exist to support the trial court's order. We reverse and remand.

## FACTS

¶2 On October 29, 2008, Olson pleaded guilty to unlawful possession of methamphetamine. His sentence included 12 months of community supervision with the Washington State Department of Corrections (DOC). After Olson failed to report to his corrections supervisor, DOC Officer Cody Muller issued a warrant for Olson's arrest. Officer Muller completed a "Wanted Person Entry Form" and sent it to the DOC office in Olympia for processing.[1] Clerk's Papers at 61-62. The information was then entered in the Washington criminal information database.

¶3 On December 27, 2008, Kelso Police Department Officer Voelker stopped Olson while he was driving. Officer Voelker ran Olson's name and was alerted to the existence of a DOC warrant. Officer Voelker then arrested Olson.

---

[1] The Wanted Person Entry Form did not provide any information concerning Officer Muller's claim that defendant had failed to report, nor was it signed or made under oath or affirmation.

During a search of Olson's person incident to arrest, Officer Voelker found a small amount of methamphetamine.

¶4 On December 31, the State charged Olson with one count of unlawful possession of methamphetamine. Olson then moved to suppress the methamphetamine evidence, arguing that the arrest was improper because the warrant was not issued under oath or affirmation by a neutral magistrate. Following a CrR 3.6 hearing, the trial court granted Olson's motion and dismissed the case. The State now appeals.

## ANALYSIS

### PAROLEE/PROBATIONER ARREST WARRANT REQUIREMENTS UNDER FORMER RCW 9.94A.740 (2002)[2]

¶5 The State contends that the trial court erred when it relied on outdated federal case law and held that the DOC arrest warrant should have comported with the Fourth Amendment requirement that it be issued from a neutral and detached magistrate and under oath or affirmation. Olson concedes that the trial court misapplied federal law to the issue but contends that a Washington statutory provision still supports the trial court's ultimate determination that these additional procedures are required. We review legal conclusions related to a motion to suppress de novo. *State v. Levy*, 156 Wn.2d 709, 733, 132 P.3d 1076 (2006).

¶6 The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. *State v. Setterstrom*, 163 Wn.2d 621, 625-26, 183 P.3d 1075 (2008). And Washington's constitutional privacy protections under article I, section 7 are even greater. *State v. Morse*, 156 Wn.2d 1, 7, 123 P.3d 832 (2005). But an offender on community custody or supervision has a substantially diminished privacy interest that permits law enforcement to

---

[2] This statute was amended in 2008 (effective Aug. 1, 2009); the relevant language regarding the issuance of arrest warrants was moved to RCW 9.94A.716(1)-(2). There are no substantive changes in the new statute relevant to our analysis in this case.

conduct warrantless searches in certain situations.[3] *State v. Lucas*, 56 Wn. App. 236, 239-40, 783 P.2d 121 (1989).

¶7 The trial court in this case mistakenly relied on erroneous briefing by the parties and ruled that under *United States v. Vargas-Amaya*, 389 F.3d 901 (9th Cir. 2004) (*Vargas*),[4] the arrest warrant was improperly issued. A more recent case by the Ninth Circuit clarified its holding in *Vargas* as limited only to supervised release under a specific federal statute, 18 U.S.C. § 3583(i). *Sherman v. U.S. Parole Comm'n*, 502 F.3d 869, 875 (9th Cir. 2007). In *Sherman*, the court held that under the Fourth Amendment, arrest warrants issued for parolees do not have to be issued by a neutral magistrate or under oath or affirmation. 502 F.3d at 883.

¶8 A great number of states have statutes equivalent to Washington's that permit a parole board or parole officer to issue an arrest warrant due to an offender's parole violation.[5] And courts throughout the country have routinely upheld the constitutionality of statutes that do not require

---

[3] Washington's community custody system is equivalent to parole. *In re Pers. Restraint of McNeal*, 99 Wn.App. 617, 631, 994 P.2d 890 (2000).

[4] In *Vargas*, the court held that the Fourth Amendment required a warrant to be based on "sworn facts" before the warrant could be used to revoke a supervised release. 389 F.3d at 907.

[5] ALA. CODE § 12-25-38(b); ALASKA STAT. § 33.16.240(b); ARIZ. REV. STAT. § 31-415; ARK. CODE ANN. § 16-93-705(a)(1); CAL. PENAL CODE § 3000(b)(8)-(9); COLO. REV. STAT. ANN. § 17-2-103(3); DEL. CODE ANN. tit. 11, § 4352(a); FLA. STAT. § 947.22(1); GA. CODE ANN. § 42-9-48(a); HAW. REV. STAT. § 353-65; IDAHO CODE ANN. § 20-228; IND. CODE ANN. § 11-13-3-8(c); KAN. STAT. ANN. § 75-5217(a); KY. REV. STAT. ANN. § 439.430(4); LA. REV. STAT. ANN. § 15:574.7(B)(1)(c); MASS. GEN. LAWS ch. 127, § 149A; MD. CODE ANN., CORR. SERVS. § 7.206(2); MICH. COMP. LAWS § 791.238(1); MISS. CODE ANN. § 47-7-27; MO. REV. STAT. § 217.720(1); MONT. CODE ANN. § 46-23-1023(1); NEB. REV. STAT. § 83-1,119; NEV. REV. STAT. § 213.151(1); N.J. STAT. ANN. § 30:4-123.62(a)(1); N.M. STAT. ANN. § 31-21-14(A); OKLA. STAT. tit. 57, § 516(A); OR. REV. STAT. §. 144.340(1); R.I. GEN. LAWS § 12-7-17; S.C. CODE ANN. § 24-21-680; TENN. CODE ANN. § 40-28-120; TEX. GOV'T CODE ANN. § 508.251(a); UTAH CODE ANN. § 77-27-11(3); VT. STAT. ANN. tit. 28, § 363(a); VA. CODE ANN. § 53.1-161; W. VA. CODE § 62-12-19(a).

an arrest warrant to be issued under oath or affirmation and by a neutral magistrate.[6]

¶9 Despite this extensive authority to support the State's position, however, Olson counters that the trial court's order was proper under former RCW 9.94A.740(1) (2002), which provides in relevant part:

> The secretary may issue warrants for the arrest of any offender who violates a condition of community placement or community custody. . . . A community corrections officer, if he or she has reasonable cause to believe an offender in community placement or community custody has violated a condition of community placement or community custody, may suspend the person's community placement or community custody status and arrest or cause the arrest and detention in total confinement of the offender, pending the determination of the secretary as to whether the violation has occurred.

¶10 Olson argues that the words "reasonable cause" should be interpreted to require a warrant to be issued under oath or affirmation and from a neutral magistrate. But Olson cites no authority for the proposition that we should interpret the "reasonable cause" language to require such additional protections. Moreover, Olson's argument disregards the clearly established precedent affording

---

[6] *See, e.g., Davenport v. State*, 568 P.2d 939, 943-47 (Alaska 1977) (statute permitting parole board to issue warrant did not violate Fourth Amendment); *State v. Franks*, 276 S.C. 636, 281 S.E.2d 227, 228 (1981) (statute providing for probation officer to issue arrest warrant when a violation of probation conditions has occurred did not violate Fourth Amendment); *Garrett v. State*, 768 S.W.2d 943, 946-47 (Tex. App. 1989), *aff'd*, 791 S.W.2d 137 (Tex. Crim. App. 1990) (statute providing for parole board to issue arrest warrant on less than probable cause without a neutral and detached magistrate complied with Fourth and Fourteenth Amendments and did not violate separation of powers doctrine); *Jones v. Utah Bd. of Pardons & Parole*, 2004 UT 53, 94 P.3d 283, 290 (statute providing for parole board to issue a warrant based on a parole violation does not violate separation of powers); *see also Wilson v. Williams*, 418 F. Supp. 895, 896 (W.D. Okla. 1976) (state statute permitting head of probation and parole to issue arrest warrants did not present substantial federal question under Fourth Amendment).

lesser constitutional protections to probationers. *See State v. Reichert*, 158 Wn. App. 374, 386, 242 P.3d 44 (2010) ("Washington courts have held that a probationer has a reduced expectation of privacy because of the State's continuing interest in supervising them."), *review denied*, 171 Wn.2d 1006 (2011). In light of this and the court's holding in *Sherman*, the State's argument prevails.

## PAROLEE/PROBATIONER ARREST WARRANT REQUIREMENTS UNDER ARTICLE I, SECTION 7

 ¶11 Olson also counters that article I, section 7 of the Washington Constitution entitles him greater protection than the Fourth Amendment. He argues that our state constitution requires that DOC warrants be issued under oath or affirmation by a neutral magistrate. *See, e.g., State v. Carter*, 151 Wn.2d 118, 125-26, 85 P.3d 887 (2004). Olson asks us to conduct a *Gunwall*[7] analysis and to determine that article I, section 7 requires these additional protections here. But his analysis of the *Gunwall* factors references cases only in a broad sense and does not cite to any authority to demonstrate that article I, section 7 affords greater protections to probationers in this context.

 ¶12 Even if we were to resolve this case under article I, section 7, case law would lead us to hold that greater protections do not exist here. Washington courts have been presented with myriad opportunities to establish greater protections for probationers in the search warrant context and have routinely recognized the reduced privacy expectations they are entitled to. *Hocker v. Woody*, 95 Wn.2d 822, 826, 631 P.2d 372 (1981); *State v. Campbell*, 103 Wn.2d 1, 22, 691 P.2d 929 (1984); *Lucas*, 56 Wn. App. at 240; *State v. Patterson*, 51 Wn. App. 202, 204-05, 752 P.2d 945 (1988); *State v. Lampman*, 45 Wn. App. 228, 233, 724 P.2d 1092 (1986); *State v. Coahran*, 27 Wn. App. 664, 666, 620 P.2d 116 (1980); *State v. Simms*, 10 Wn. App. 75, 85, 516 P.2d 1088

---

[7] *State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808 (1986).

(1973). There is no authority or justification to carve out a different approach in the arrest warrant context for probationers. "Reasonable suspicion" must still be shown under former RCW 9.94A.740, which is in line with our Supreme Court's approach as it relates to probation violation warrants. Thus, Olson's argument on this point fails.

## DUE PROCESS

¶13 Lastly, Olson encourages us to hold that the warrant was insufficient on due process grounds. As the United States Supreme Court explained, an individual on parole "can be gainfully employed and is free to be with family and friends and to form the other enduring attachments of normal life." *Morrissey v. Brewer*, 408 U.S. 471, 482, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). Accordingly, because ending parole "inflicts a 'grievous loss' on the parolee and often on others," a final determination to revoke parole must include the following due process protections:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey*, 408 U.S. at 482, 489; *accord In re Pers. Restraint of McNeal*, 99 Wn. App. 617, 630-31, 994 P.2d 890 (2000) (requiring *Morrissey*'s due process protections at community custody revocation hearings).[8] Olson argues that under

---

[8] RCW 9.94A.737 imposes requirements that mirror those in *Morrissey*.

*Morrissey*, notice was not adequately provided to him, nullifying the warrant and the subsequent arrest.[9]

¶14 The State responds that (1) the trial court record is insufficient to show any due process violation; (2) the *Morrissey* factors and the corresponding provisions in RCW 9.94A.737 relate to the due process afforded probationers *at a subsequent revocation hearing*; and (3) the only authority Olson cites to, *Sherman*, interpreted notice requirements in the context of a federal statutory provision, not the Fourth Amendment itself. Olson cites no authority that the State was required to comply with a notice requirement when it issued a warrant for his arrest under former RCW 9.94A.740. Thus, Olson's argument here also fails.

¶15 We reverse and remand to the trial court for further proceedings consistent with this opinion.

ARMSTRONG and HUNT, JJ., concur.

---

[9] Because this specific issue was not raised below, we reach the matter under RAP 2.4(a).