[No. 37829-9-II.   Division Two.   November 1, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. RYAN JOSEPH NYEGAARD, *Appellant*.

*Stephanie C. Cunningham*, for appellant.

*Mark E. Lindquist, Prosecuting Attorney*, and *Stephen D. Trinen, Deputy*, for respondent.

¶1 HUNT, J. — Ryan Joseph Nyegaard appeals his jury conviction for unlawful possession of methamphetamine with intent to deliver and the accompanying firearm sentencing enhancement. He argues that the search of the vehicle in which he was a passenger incident to his arrest was illegal and that the evidence should be suppressed. We remand to the trial court for further proceedings.

¶2 We incorporate by reference the facts recited in our February 23, 2010 published opinion affirming Nyegaard's conviction and sentence. *State v. Nyegaard*, 154 Wn. App. 641, 226 P.3d 783 (2010) (Houghton, J., dissenting). We held that under our decision in *State v. Millan*, 151 Wn. App. 492, 212 P.3d 603 (2009), *reversed sub nom. State v. Robinson*, 171 Wn.2d 292, 253 P.3d 84 (2011), because Nyegaard had failed to move to suppress the evidence seized from his car, which police had searched incident to his arrest, he had failed to preserve for appeal whether this seizure was illegal under *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009).[1] *Nyegaard*, 154 Wn. App. at 646.

---

[1] The United State Supreme Court issued *Gant* while Nyegaard's appeal was pending before this court.

Our state Supreme Court granted Nyegaard's petition for review and remanded his appeal to us to reconsider in light of *Robinson. State v. Nyegaard*, 172 Wn.2d 1006, 260 P.3d 208 (2011). The parties submitted supplemental briefs addressing the effect of *Robinson* on Nyegaard's appeal.

■■ ¶3 In *Robinson*, our Supreme Court held that (1) *Gant* applies retroactively to appellants whose cases were pending on direct appeal when the United States Supreme Court issued *Gant*, and (2) failure to raise a suppression issue below does not bar a defendant from raising a *Gant* issue for the first time on appeal if he meets four specific criteria.[2] *Robinson*, 171 Wn.2d at 303-08. In its supplemental brief, the State concedes that (1) under *Robinson*, Nyegaard is entitled on appeal to challenge the vehicle search that led to his arrest and conviction; and (2) the vehicle search incident to Nyegaard's arrest was improper under *Gant* on the current record, which, in the absence of a motion to suppress based on *Gant* below, was made without exploring other possible legal grounds for the search. The parties agree that the proper remedy is to remand this matter back to the superior court for a new suppression hearing.

¶4 Accepting the State's concession of error and Nyegaard's concession that remand is the proper remedy, we hold that the vehicle search and seizure of evidence incident to Nyegaard's arrest was illegal under *Gant* and

---

[2] More specifically, the court stated:

We hold that principles of issue preservation, as embodied in RAP 2.5(a), do not apply where (1) a court issues a new controlling constitutional interpretation material to the defendant's case, (2) that interpretation overrules an existing controlling interpretation, (3) the new interpretation applies retroactively to the defendant, and (4) the defendant's trial was completed prior to the new interpretation.

*Robinson*, 171 Wn.2d at 307-08.

the facts before us in this appeal, and we remand to the trial court for further proceedings consistent with *Robinson*.

ARMSTRONG and QUINN-BRINTNALL, JJ., concur.