267 P.3d 382 (2011)
164 Wash.App. 625
STATE of Washington, Respondent,
v.
Ryan Joseph NYEGAARD, Appellant.
No. 378299II.
Court of Appeals of Washington, Division 2.
November 1, 2011.
Stephanie C. Cunningham, Attorney at Law, Seattle, WA, for Appellant.
Stephen D. Trinen, Pierce County Prosecutor's Ofc., Tacoma, WA, for Respondent.
HUNT, J.
¶ 1 Ryan Joseph Nyegaard appeals his jury conviction for unlawful possession of methamphetamine with intent to deliver and the accompanying firearm sentencing enhancement. He argues that the search of the vehicle in which he was a passenger incident to his arrest was illegal and that the evidence should be suppressed. We remand to the trial court for further proceedings.
¶ 2 We incorporate by reference the facts recited in our February 23, 2010 published opinion affirming Nyegaard's conviction and sentence. State v. Nyegaard, 154 Wash.App. 641, 226 P.3d 783 (2010) (J. Houghton dissenting). We held that, under our decision in State v. Millan, 151 Wash.App. 492, 212 P.3d 603 (2009), reversed sub nom. State v. Robinson, 171 Wash.2d 292, 253 P.3d 84 (2011), because Nyegaard had failed to move to suppress the evidence seized from his car, which police had searched incident to his arrest, he had failed to preserve for appeal whether this seizure was illegal under Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009).[1]Nyegaard, 154 Wash.App. at 646, 226 P.3d 783. Our state *383 supreme court granted Nyegaard's petition for review and remanded his appeal to us to reconsider in light of Robinson. State v. Nyegaard, 172 Wash.2d 1006, 260 P.3d 208 (2011). The parties submitted supplemental briefs addressing the effect of Robinson on Nyegaard's appeal.
¶ 3 In Robinson, our Supreme Court held that (1) Gant applies retroactively to appellants whose cases were pending on direct appeal when the United States Supreme Court issued Gant, and (2) failure to raise a suppression issue below does not bar a defendant from raising a Gant issue for the first time on appeal if he meets four specific criteria.[2]Robinson, 171 Wash.2d at 303-08, 253 P.3d 84. In its supplement brief, the State concedes that (1) under Robinson, Nyegaard is entitled on appeal to challenge the vehicle search that led to his arrest and conviction; and (2) the vehicle search incident to Nyegaard's arrest was improper under Gant on the current record, which, in the absence of a motion to suppress based on Gant below, was made without exploring other possible legal grounds for the search. The parties agree that the proper remedy is to remand this matter back to the superior court for a new suppression hearing.
¶ 4 Accepting the State's concession of error and Nyegaard's concession that remand is the proper remedy, we hold that the vehicle search and seizure of evidence incident to Nyegaard's arrest was illegal under Gant and the facts before us in this appeal, and we remand to the trial court for further proceedings consistent with Robinson.
We concur: ARMSTRONG, P.J., and QUINN-BRINTNALL, J.
NOTES
[1] The United State Supreme Court issued Gant while Nyegaard's appeal was pending before this court.
[2] More specifically, the court stated:

We hold that principles of issue preservation, as embodied in RAP 2.5(a), do not apply where (1) a court issues a new controlling constitutional interpretation material to the defendant's case, (2) that interpretation overrules an existing controlling interpretation, (3) the new interpretation applies retroactively to the defendant, and (4) the defendant's trial was completed prior to the new interpretation.
Robinson, 171 Wash.2d at 307-08, 253 P.3d 84.