# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  49067-6-II |
| Appellant, | |
| v. | |
| FELICIA RENEE BARNES, | UNPUBLISHED OPINION |
| Respondent. | |

WORSWICK, J. — After a jury found Felicia Barnes guilty of possession of methamphetamine with intent to deliver or manufacture, the trial court granted Barnes's motion for arrest of judgment, ruling that insufficient evidence supported the jury's verdict, and entered a verdict for possession of methamphetamine.  The State appeals, arguing that the trial court improperly weighed the evidence and did not view the evidence in the light most favorable to the State.  We disagree and affirm.

## FACTS

On July 5, 2014, Officer Adam Haggerty initiated a traffic stop on a car driven by James Mueller.  Haggerty conducted a records check and confirmed that Mueller had a Department of Corrections felony warrant.

Mueller consented to a search of his car. In the engine compartment of the car Officer Haggerty found a peanut butter jar and a small tool kit. The peanut butter jar had a trap compartment which contained 6.7 grams of methamphetamine, a digital scale, and some empty plastic "baggies" with green alien heads. Inside the tool kit, Officer Haggerty found 10.2 grams of methamphetamine.

Felicia Barnes was a passenger in Mueller's car. Barnes consented to a search of her purse, wherein Officer Haggerty found a small glass pipe with white residue, which later tested positive for methamphetamine, and several unused plastic baggies decorated with green alien heads. Officer Haggerty also found $201 in twenties, tens, fives, and ones inside Barnes's purse.

The State charged Barnes with possession of methamphetamine with intent to manufacture or deliver with a school bus route stop enhancement. At trial, Officer Haggerty testified to the above facts. In addition, Officer Haggerty gave three opinions. He opined that (1) large quantities of clean, unused baggies, such as the ones found in Barnes's purse, are indicative of drugs being sold or distributed in the baggies; (2) the amount of money and denominations of currency found inside Barnes's purse were a sign of drugs being sold; and (3) the amount of methamphetamine found in the car was significantly more than a person would have for personal use. Barnes did not object to this testimony.

Barnes also testified at trial. She stated that she had never seen the items the police found in the engine compartment of the car until after the police retrieved them. She also testified that she found the baggies on the floor of the car and picked them up because she thought they were cute. Barnes was impeached with crimes of dishonesty and with direct contravening testimony regarding her relationship with Mueller.

No. 49067-6-II

A jury found Barnes guilty as charged. Barnes then filed a motion for arrest of judgment,
contending that the State failed to produce sufficient evidence to support her conviction. After a
hearing on the motion, the trial court granted the motion to arrest judgment and entered a
judgment on the lesser offense of possession of methamphetamine.[1] The trial court explained its
ruling:

> I agree that even if you take all the evidence in the light most favorable to
> the State, there's not enough here. The fact that [Barnes] knew Mr. Mueller is not
> enough. The vehicle didn't belong to her. The controlled substances were not in
> the passenger compartment.
>     The money, as I noted before, is not a very significant amount and the
> denominations that somehow is consistent with what a drug dealer would have is
> also consistent with the money that anyone would have. So really what we have
> are the empty baggies that match and that's really it. That's simply not enough.

Verbatim Report of Proceedings at 125 (Mar. 30, 2016).

The State appeals.

ANALYSIS

The State argues that the trial court erred by granting Barnes's motion for arrest of
judgment of the jury's verdict for possession of methamphetamine with intent to deliver. We
disagree.

---

[1] The trial court also entered findings of fact and conclusions of law. The State appeals the
court's oral findings and conclusions. Barnes's judgment and sentence memorializes the court's
grant of Barnes's motion to arrest judgment as the judgment states Barnes's crime as possession
of methamphetamine and not possession of methamphetamine with intent to deliver. This court,
in reviewing a trial court's decision granting a motion to arrest the judgment engages in the same
inquiry as the trial court. *State v. Longshore*, 141 Wn.2d 414, 420, 5 P.3d 1256 (2000).
Consequently, findings of fact and conclusions of law are superfluous. *See Concerned
Coupeville Citizens v. Town of Coupeville*, 62 Wn. App. 408, 413, 814 P.2d 243 (1991).

3

I. GENERAL PRINCIPLES

A trial court may arrest judgment when there is insufficient proof of a material element of a crime. CrR 7.4(a)(3). In ruling on a motion for arrest of judgment, the trial court may not weigh the evidence; instead, it may only test or examine the sufficiency thereof. *State v. Randecker*, 79 Wn.2d 512, 517, 487 P.2d 1295 (1971); *State v. Coleman*, 54 Wn. App. 742, 746-47, 775 P.2d 986 (1989). The evidence presented in a criminal trial is legally sufficient to convict if any rational trier of fact, viewing the evidence in the light most favorable to the State, could have found the essential elements of the charged crime beyond a reasonable doubt. *State v. Longshore*, 141 Wn.2d 414, 420-21, 5 P.3d 1256 (2000). In reviewing a trial court's decision on a motion for arrest of judgment, the appellate court engages in the same sufficiency inquiry as does the trial court.[2] *Longshore*, 141 Wn.2d at 420.

"A claim for insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Such inferences must be drawn in favor of the State and interpreted most strongly

---

[2] The State dedicates much of its brief to the trial court's reasoning process, arguing that the trial court improperly weighed the evidence and failed to consider the evidence in the light most favorable to the State. However, because this court reviews a trial court's decision on a motion for arrest of judgment de novo, this court's sole inquiry is whether sufficient evidence supports the jury's verdict. *State v. Ceglowski*, 103 Wn. App. 346, 349, 12 P.3d 160 (2000); *Longshore*, 141 Wn.2d at 420.

Similarly, Barnes argues that the State introduced improper opinion testimony and committed misconduct when it referred to this testimony in closing argument. But Barnes neither objected to this testimony or argument at trial, nor cross-appealed on these issues. Thus, we do not consider these arguments in determining whether sufficient evidence supports the jury's verdict. *See State v. Barker*, 162 Wn. App. 858, 864, 256 P.3d 463 (2011) (holding that a party may not raise a new issue for the first time on appeal).

against the defendant. *Salinas*, 119 Wn.2d at 201. We defer to the fact finder to resolve issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *State v. Gerber*, 28 Wn. App. 214, 216, 622 P.2d 888 (1981). Circumstantial evidence is not any less reliable or probative than direct evidence in reviewing the sufficiency of the evidence supporting a jury verdict. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980).

Here, the State was required to prove beyond a reasonable doubt (1) that Barnes possessed methamphetamine (2) with the intent to distribute it. RCW 69.50.401. Possession of a controlled substance may be either actual or constructive. *State v. Ibarra-Cisneros*, 172 Wn.2d 880, 897, 263 P.3d 591 (2011). "The intent to deliver must logically follow as a matter of probability from the evidence." *State v. Campos*, 100 Wn. App. 218, 222, 998 P.2d 893 (2000). And possession of a controlled substance, standing alone, is not sufficient to support an inference of intent to deliver, even if the amount is greater than is deemed usual for personal use. *Campos*, 100 Wn. App. at 222. Generally, at least one factor, in addition to possession and suggestive of sale, is required to establish an inference of intent to deliver. *Campos*, 100 Wn. App. at 222.

## II. NO CONSTRUCTIVE POSSESSION OF METHAMPHETAMINE

Because Barnes was not in actual possession of the methamphetamine found in the car's engine compartment, the first issue we examine is whether the evidence was sufficient to establish constructive possession. The State argues that the facts that (1) Barnes and Mueller had a long-term relationship, (2) the clean baggies found in Barnes's purse matched those found with the drugs, (3) Barnes possessed a pipe and a small amount of methamphetamine in her purse, (4) Barnes had money in her purse, (5) Barnes was impeached at trial, along with (5) the baggies, scale and large amounts of drugs found in the car's engine compartment, are sufficient to support

the crime of possession of methamphetamine with intent to deliver. We hold that these facts are insufficient to establish constructive possession of the methamphetamine found in the car's engine compartment.

A.      *Dominion and Control Requires Proximity and Additional Circumstances*

In reviewing claims of constructive possession, we examine whether, under the totality of the circumstances, the defendant exercised dominion and control over the contraband in question. *State v. Turner*, 103 Wn. App. 515, 521, 13 P.3d 234 (2000). In some circumstances the ability to immediately take actual possession of an item can establish dominion and control, however, mere proximity to the item by itself cannot. *Turner*, at 521. Where only mere proximity is established, other facts must enable the trier of fact to infer dominion and control. *Turner*, at 521. Such factors include ownership of the item or dominion and control over the premises. *Turner*, at 521. An automobile may be considered premises for the purpose of determining whether the defendant exercised dominion and control over the premises where the narcotic drugs were found. *State v. Coahran*, 27 Wn. App. 664, 668-69, 620 P.2d 116 (1980).

It is instructive to look at other cases considering whether a passenger in a car exercised dominion and control over contraband found in that car. In *State v. Mathews*, 4 Wn. App. 653, 658, 484 P.2d 942 (1971), this court determined a passenger exercised dominion and control over heroin found in the car because not only was the heroin located in very close proximity to the passenger, but because additional factors existed. Mathews was a known heroin user and had heroin paraphernalia in his pocket, he had purchased and used heroin that day, and the other passengers in the car testified that they were unaware the heroin was there.

In *State v. Nyegaard*, 154 Wn. App. 641, 648, 226 P.3d 783 (2010), *modified on remand*, 164 Wn. App. 625, 267 P.3d 382 (2011), the facts that Nyegaard was within reach of contraband, was seen dropping drug paraphernalia into the same area the contraband was located, and was seen by officers to be moving his hands towards the contraband were sufficient to prove that Nyegaard was in dominion and control of the contraband.

Sufficient evidence of dominion and control was found to exist where contraband was within a person's immediate reach and the person could immediately take possession of the contraband. *Turner*, at 521-22. Further, evidence that a defendant had keys to a car and was driving the car wherein contraband was found was sufficient to show the defendant had dominion and control. *State v. Potts*, 1 Wn. App. 614, 617, 464 P.2d 742 (1969).

Conversely, Barnes points to two cases, *State v. Cote*, 123 Wn. App. 546, 550, 96 P.3d 410 (2004), and *State v. Chouinard*, 169 Wn. App. 895, 901, 282 P.3d 117 (2012), where passengers did not exert dominion and control over contraband located in a car. In *Cote*, the court held a person who was previously a passenger in a car found to have methamphetamine lab components containing the person's fingerprints did not exercise dominion and control over the lab components. 123 Wn. App. at 550. *In Chouinard*, we held that a passenger in a car who had knowledge of a weapon in the trunk of the car did not exercise dominion and control over that weapon. 169 Wn. App. at 901-03.

B.    *The State Did Not Prove Dominion and Control*

Here, the only evidence adduced at trial regarding dominion and control over the methamphetamine found in the car's engine compartment was that Barnes was a passenger in

that car and drugs were found hidden in the engine compartment of that car. The State did not provide any evidence that Barnes exercised dominion and control over the car or over the drugs. Barnes was not in proximity to the methamphetamines in the engine compartment, she did not possess a key to the car and was not driving, and she was not in a position to immediately take actual possession of the methamphetamine.

The State argues that all the facts taken together in the light most favorable to the State show constructive possession. The State points to Barnes and Mueller's long-term relationship, the clean baggies found in Barnes's purse that matched those found with the drugs, the pipe and methamphetamine found in her purse, the money found in her purse, Barnes's impeachment at trial, along with the items found in the car's engine compartment. Although these facts may tend to prove an element of intent to distribute, none of these facts show that Barnes had dominion or control over the car or the methamphetamine. Without proof of dominion and control, the State is unable to prove constructive possession.

Taking the evidence in the light most favorable to the State, and drawing all reasonable inferences therefrom, the evidence was insufficient to prove Barnes's constructive possession of the methamphetamine. Because possession of methamphetamine is an element of possession of methamphetamine with intent to deliver, the State did not prove the crime as charged.

We hold that there was insufficient evidence to support the jury's verdict. Consequently, we affirm the judgement and sentence entered by the trial court.

No. 49067-6-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Bjorgen, C.J.

_____
Maxa, J.